THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**SAMUEL MONTANO-LÓPEZ,**

　　Petitioner,

　　v.

**UNITED STATES OF AMERICA,**

　　Respondent.

**Civil No. 24-1552 (ADC)**
**[Related to Crim. No. 14-0520-1 (ADC)]**

## OPINION AND ORDER

Samuel Montano-López ("petitioner") filed a *pro se* petition for relief under 28 U.S.C. § 2255 ("petition"), **ECF No. 1**. In consideration to his *pro se* status, the Court construes the petition in the light most favorable to petitioner. Even then and, assuming without deciding that the petition is timely and not otherwise procedurally defaulted,[1] the petition must be **DENIED**. *Id.*[2]

The petitioner asks the Court to vacate his sentence and grant his immediate release from prison, arguing that his conviction under 18 U.S.C. § 922(g)(1), which prohibits firearm possession by felons, is unconstitutional and violates his Second Amendment rights. Petitioner

---

[1] Also assuming that petitioner, as a "felon in possession," is part of the "people" the Second Amendment protects, issues that needs not be decided here. *See United States v. Pierret-Mercedes*, 731 F. Supp. 3d 284, 292 (D.P.R. 2024); *United States v. Bartucci*, 658 F. Supp. 3d 794, 800–03 (E.D. Cal. 2023) (collecting cases); *United States v. Worster*, 765 F. Supp. 3d 112, 122 (D.R.I. 2025), *reconsideration denied*, No. 21-CR-111-JJM-PAS, 2025 WL 897705 (D.R.I. Mar. 24, 2025) (explaining the divergence of opinions on that issue).

[2] The case is summarily dismissed pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings. *Carey v. United States*, 50 F.3d 1097, 1098 (1st Cir. 1995).

does not specifically point to the underlying facts or felony he committed and only generally challenges § 922(g)(1) ban on "felons." **ECF No. 1**. Therefore, his constitutional challenge is, under any lens, facial.[3] Accordingly, and following *stare decisis*, the Court is bound to reject petitioner's facial challenge to the constitutionality of the felon-in-possession statute. Because this same argument has been addressed and denied by several courts in this Circuit, the Court will go straight to the point.

Petitioner posits that the Second Amendment test coined in *N.Y. State Rifle & Pistol Association vs. Bruen*, 597 U.S. 1 (2022) controls and that the government cannot meet its burden of proving that the "Nation's historical tradition of firearm regulation" includes a permanent prohibition of firearm possession for all felons. He further claims there is no "relevantly similar analogue" in history to justify the current statute. In support he cites out-of-circuit cases. *See* **ECF No. 1** at 2-3 (citing *inter alia Range v. Attorney General*, 124 F.4th 218 (3rd Cir. 2024) (en banc)).[4]

In *United States v. Torres-Rosario*, 658 F.3d 110 (1st Cir. 2011), the First Circuit addressed the constitutionality of § 922(g)(1) before *Bruen* issued. The First Circuit began its analysis by

---

[3] Facial challenges are "the most difficult to mount successfully [because] the challenger must establish that no set of circumstances exist under which the [law] would be valid." *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *see United States v. Rahimi*, 602 U.S. 680, 693 (2024) ("[T]o prevail [on a facial challenge], the Government need only demonstrate that [the law] is constitutional in some of its applications. And here the provision is constitutional as applied to the facts of [the challenger's] own case.").

[4] Aside from the fact that it is not binding upon this Court, *Range v. Attorney General, id*, was not a facial constitutional challenge. Thus, it also unpersuasive.

rejecting a possible facial challenge to § 922(g)(1) based on the Supreme Court's pre-*Bruen* statements, reasoning that those then-prevailing opinions do not "cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons." *Id*. at 112-13.

*United States v. Langston*, 110 F.4th 408 (1st Cir. 2024), the First Circuit's most recent post-*Bruen* and *Rahimi* case considering a Second Amendment challenge to § 922(g)(1) reviewed the issue but only for plain error, because the defendant had not presented his Second Amendment argument to the district court. The *Langston* court concluded that "the legal test from *Rahimi* does not compel the conclusion that § 922(g)(1) is unconstitutional under the Second Amendment as applied to defendants with Langston's criminal history as charged in the indictment." *Id*., at 419. Moreover, the First Circuit highlighted that *Rahimi* reiterated its prior dictum in *District of Columbia v. Heller*, 554 U.S. 570 (2008) that felon-in-possession laws were "presumptively lawful." *Id*. at 420.

Petitioner's recourse to out-of-circuit support turns to water and salt considering that this Court is bound by First Circuit precedent. Indeed, this Court and many others within this Circuit have upheld felon-in-possession statutes against *Bruen* challenges, specially if the challenge is only facial, like in this case. *See United States v. Torres-Díaz,* No. CR 23-410 (FAB-GLS), 2024 WL 4870562, at *3 (D.P.R. Nov. 22, 2024), report and recommendation adopted, No. CR 23-410 (FAB), 762 F.Supp.3d 143 (D.P.R. Jan. 10, 2025)*; United States v. Cruz-Jiménez*, 772 F. Supp. 3d 242, 249

(D.P.R. 2025); *Marshall v. U.S. Att'y Gen.*, Civil No. 24-00191-PB-AJ, 2025 WL 1566878, at *5 (D.N.H. June 3, 2025); *United States v. Worster*, 765 F. Supp. 3d 112, 124 (D.R.I. 2025) ("Neither *Bruen* nor *Rahimi* reversed binding First Circuit precedent [*Torres-Rosario*] affirming the constitutionality of § 922(g)(1)."); *United States v. Johnson*, No. 23-cr-10043-ADB, 2024 WL 199885, at *2–4 (D. Mass, Jan. 18, 2024); *United States v. Fulcar*, 701 F. Supp. 3d 49, 55–56 (D. Mass. 2023).

Therefore, because *Torres-Rosario* holds that Section 922(g)(1) is constitutional as applied to persons who have been convicted of some felonies, then the statute cannot be unconstitutional on its face. *Cruz-Jiménez*, 772 F. Supp. 3d at 249. Accordingly, as a matter of *stare decisis*, the Court is bound to reject defendant's facial challenge to the constitutionality of Section 922(g)(1). *Eulitt ex rel. Eulitt v. Maine, Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004)("Until a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority."

Because petitioner only presents a facial challenge, in light of all the above, his petition at **ECF No. 1** fails as a matter of law and is hereby **DISMISSED** with prejudice. Clerk of Court shall enter judgment.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Considering all the above, the Court **DENIES** the COA.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 3rd day of March, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**